176

In Re: Kronz Builders, Inc.; Kronz Builders, a corporation *v.* City of Pittsburgh, Department of Treasury, Joseph L. Cosetti, Treasurer. Kronz Builders, Inc., a corporation, Appellant.

Argued October 27, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Richard F. Kronz,* for appellant.

*Grace S. Harris,* Executive Assistant City Solicitor, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

Per Curiam Opinion, January 14, 1977:

This is an appeal by Kronz Builders, Inc. (Kronz) from an order of the Court of Common Pleas of Alle-

gheny County dismissing an appeal filed with that court from an adverse determination by the City Treasurer. The trial court concluded that by virtue of the findings properly made in this case, Kronz was liable for a business privilege tax levied by the City of Pittsburgh, Ordinance No. 675 of 1968, enacted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq. The holding is based upon the court's finding that Kronz, formed by a partnership for the purpose of developing and constructing residential and commercial property, but primarily used to provide social security and pension tax benefits for the four partners, did business in Pittsburgh and therefore was subject to the tax.

We have carefully studied the record and conclude that the trial court's holding should be affirmed. We adopt the well-reasoned and carefully written opinion of the trial judge as though it was filed by this Court. The Honorable Judge George Ross's opinion at No. S.A., 484 of 1972, Court of Common Pleas of Allegheny County, Pennsylvania, is set forth and attached hereto for the convenience of the reader as it is not printed in any legal reporter.

ORDER

And Now, this 14th day of January, 1977, the order of the Court of Common Pleas of Allegheny County, dated October 27, 1975, is affirmed, and the appeal of Kronz Builders, Inc. is dismissed. All costs will be paid by the appellant.

OPINION

G. Ross, J.

The above captioned matter comes before this Court on appeal by the taxpayer, Kronz Builders, Inc., from an adverse determination reached by the Treasurer for the City of Pittsburgh (hereinafter City)

regarding the taxpayer's Business Privilege Tax liability for the years 1970 and 1971.[1]  Hearing was held before this Court on July 31, 1975.

It is the contention of the taxpayer that the City, by subjecting taxpayer to the tax involved herein, is unjustly receiving duplicate collection of said tax.  In support, taxpayer argues that it (Kronz Builders, Inc.) is merely a bookkeeping entity that does not conduct business.  Rather, submits taxpayer, it was formed so that the partners of another entity, Kronz Builders, a partnership, could make greater corporate contributions toward their Social Security Tax liability.  Additional testimony indicated that the taxpayer-corporation had no employes and was formed for the further reason of facilitating the acquisition of a parcel of land while insulating the principals of the partnership from personal liability.  The taxpayer claims duplicate taxation pointing to the fact that the gross receipts of the taxpayer had been subjected to the Business Privilege Tax when included in the gross receipts of the partnership.

In effect, the taxpayer seeks the advantages of the corporate form while avoiding the tax consequences that follow.  A similar situation was involved in Shelburne Sportswear, Inc. vs. City of Philadelphia, 422 Pa. 199 (1966).  In Shelburne, the sole activity of the taxpayer-corporation was the manufacturing of sportswear for its parent at its cost.  The taxpayer therein was formed to limit the parent's liability for the new venture.  It was argued that the taxpayer in Shelburne was a mere bookkeeping device rather than a viable and independent corporation.  The Court decided that the taxpayer was properly the subject of taxation and at page 204 wrote

---

[1] Ordinance No. 675 of 1968, enacted pursuant to the Local Tax Enabling Act, Dec. 31, 1965, P.L. 1257, as amended, 53 P.S. 6901 et seq., as amended.

It has been urged that, in light of the inter-related nature of Shelburne and its affiliate, Clover, the imposition of the present tax would create an injustice. We do not agree. While the principals of Shelburne seek to claim the protection of corporate identity for one purpose, to insulate Clover from the claims of creditors of the "full fashioned" knitting operations, they ask that we pierce the corporate veil for the purpose of reducing the incidence of taxation. This we are unwilling to do.

. . . .

We do not deal here with a matter which may be reconciled by reference to principles of fairness. What tax consequences should flow in the instant case is a matter of legislative intent. While "courts neither follow the law's fictions blindly nor reject them out of hand," with respect to appellee's contention that, for the purpose of the present tax, it is not an entity separate and apart from Clover, nothing has been called to our attention which persuades us to disregard that more was intended by the definition of the term "business" in the present ordinance than those principles which otherwise guide us in the determination of corporate identity. All the indicia of such identity are presented by appellee. Appellee conducts a form of activity which is subject to taxation, if it may be deemed as independent business. It has elected to treat itself as such a business for some purposes; it may not disavow that identity merely to avoid the burden of taxation.

On Schedule "A" of its income tax return for the year 1970 Kronz Builders, the partnership, indicated that said partnership had no payroll for 1970 and fur-

180

ther indicated that the figure for labor cost represented the amount for labor charged by Kronz Builders, Inc., which provided all labor for partnership jobs. The 1970 tax return of Kronz Builders, Inc. included the labor figure in gross receipts.

Hence, it is apparent that the corporate form fulfilled various business purposes. It enabled the partners of Kronz Builders to avoid potential personal liability, and also permitted them to make increased Social Security contributions because the corporation supplied the labor for partnership jobs. Consequently, in light of the principles applied in Shelburne, supra, it is the conclusion of this Court that the taxpayer, Kronz Builders, Inc., is liable for the instant tax.

ORDER

AND Now, this 14th day of January, 1977, the order of the Court of Common Pleas of Allegheny County, dated October 27, 1975, is affirmed, and the appeal of Kronz Builders, Inc. is dismissed. All costs will be paid by the appellant.